# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH D. GOLDEN, | CV F   04 6603 OWW LJO P |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEN D(Doc. 1.) |
| v. | ORDER DIRECTING CLERK OF COURT TO SEND PLAINTIFF BLANK CIVIL RIGHTS FORM |
| COLLIER, et. al., | |
| Defendants. | |

Kenneth D. Golden ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the instant action on November 24, naming J. Collier, F. Martinez, Jaime Lopez, A. Fernando, G. Roscorla, R. Bravo and M. Meza as Defendants. The Complaint alleges violation of Plaintiff's federal constitutional rights and for battery under California law.

**A. SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).
"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall
dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

     A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding,
467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.
Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
complaint under this standard, the court must accept as true the allegations of the complaint in
question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the
pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.
Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B.  SUMMARY OF COMPLAINT**

     Plaintiff alleges that on August 5, 2004, after a verbal confrontation with prison guards at
Pleasant Valley State Prison, Defendants Lopez, Fernando, Bravo and Collier appeared at
Plaintiff's cell doors with OC Pepper Spray.  Plaintiff states that he was wearing only boxer
shorts when the Defendants began to spray him.  Plaintiff pleaded with the Defendants to refrain
because he had asthma for which he was on medication but was told to "shut the fuck up and
back out of the cell."  Plaintiff states that he complied and when he exited the cell he was
slammed to the floor so hard he blacked out.  When he regained consciousness, the Defendants
were punching and kicking him.  Plaintiff was still on the ground and did not resist.  Plaintiff was
then placed in handcuffs so tight they cut into his wrist and was then dragged out of the cell
block by Defendant Collier.  Plaintiff was taken to the infirmary and fell to his knees at which
time Defendant Collier kicked him from behind striking his testicles.  Defendant Collier stated
"what happen to the shit you where [sic] talking."  While in the infirmary, Plaintiff was not
allowed to remove the pepper spray so he began to cleanse himself and rinse his mouth with the
water in the toilet.  Plaintiff states that the guards and nurses laughed at him.  Plaintiff was then

taken to administrative segregation and attempted suicide by hanging.  Plaintiff was rescued and removed to a suicide watch where he remained for 10 days.  Plaintiff alleges that Defendants are also guilty of "falsefiying [sic] state documents to cover up their actions."

## C.  CLAIMS FOR RELIEF

### 1. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

### 2. Excessive Force & Cruel and Unusual Punishment.

The use of excessive force by a prison official violates the eighth amendment. Hudson v. McMillian, 503 U.S. 1, 112 S.Ct. 995  (1992).  Determining whether there has been an eighth amendment violation turns upon " 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.' " See id. at 6 (quoting Whitley v. Albers, 475 U.S. 312, 320-21, 106 S.Ct. 1078  (1986)).

To prevail on an excessive force claim, an inmate must show the official applied force "maliciously and sadistically" for the purpose of inflicting pain, rather than in a "good faith effort

3

to maintain or restore discipline." Id. at 4-5, 7, 112 S.Ct. at 999. Such factors as the need for the application of the force, the relationship between the need for the application of force and the amount of force used, and the extent of injury inflicted are relevant to the ultimate determination. Whitley v. Albers, 475 U.S. 312, 319, 106 S.Ct. 1078 (1986). An inmate, however, does not need to have suffered an injury to establish an Eighth Amendment violation. Hudson, 503 U.S. at 7.

The Supreme Court has further held that not "every malevolent touch by a prison guard gives rise to a federal cause of action. Id. at 9. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." Id. (*citing* Johnson v. Glick, 481 F.2d 1028, 1033 (2nd Cir. 1973) (*cert. denied sub nom.* Johnson, 414 U.S. 1033 (1973)). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" Id. at 9-10. "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). With respect to excessive force claims, the malicious and sadistic use of force to cause harm *always* violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)).

In this case, the Court finds Plaintiff sufficiently states a cognizable Eighth Amendment claim against Defendants Collier, Bravo, Fernando, Lopez and Martinez. However, Plaintiff does not allege any facts against Defendant Meza and Roscorla.

### 3. Battery

The claim of battery is a state law claim. The Complaint, however, does not contain an allegation that Plaintiff complied with the California Tort Claims Act, which requires that tort claims against a public entities or its employees be presented to the State Board of Control no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 945.4, 950-

4

950.6. To state a tort claim against a public employee, Plaintiff must allege compliance with the Tort Claims Act. Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995) (*citing* Snipes v. City of Bakersfield, 145 Cal.App.3d 861, 193 CalRptr. 760, 762 (Cal.App. 1983)); McQuoid v. Rubin, No. S-97-0325 MLS PAN, 1997 WL 1037884, *4 (E.D. Cal. 1997). Because Plaintiff has not done so, his state law tort claims are not cognizable.

### *4. False charges*

Plaintiff's claim here is somewhat unclear. Plaintiff states that the named Defendants falsified state documents in an attempt to cover up their actions. Plaintiff also states a fake and fraudulent police report was generated and submitted to the District Attorney for prosecution.

To the extent Plaintiff is challenging a disciplinary hearing based on false documents, he may not may not pursue a claim for relief under section 1983 until such time as he has invalidated the result of the disciplinary hearing. Muhammad v. Close, 540 U.S. 749, 751, 124 S.Ct. 1303, 1304 (2004); Edwards v. Balisok, 520 U.S. 641, 648 (1997). With respect to any criminal charges, such a challenge must be brought via a petition for writ of habeas corpus. See McCarthy v. Bronson, 500 U.S. 136, 142, 111 S.Ct. 1737, 1741-1742 (1991); Preiser v. Rodriguez, 411 U.S. 475, 498-99 n.15, 93 S.Ct. 1827, 1840-1841 n.15 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. Accordingly, Plaintiff does not state a cognizable claim for relief based on the false charges.

### D. CONCLUSION

The Court finds Plaintiff's Complaint states a cognizable Eighth Amendment claim against Defendants Collier, Bravo, Fernando, Lopez and Martinez for excessive force and cruel and unusual punishment. However, Plaintiff does not allege any facts against Defendant Meza and Roscorla or state any other cognizable claims for relief. As such, the Court will grant Plaintiff the opportunity to file an Amended Complaint to cure the deficiencies, or, in the alternative, notify the Court in writing whether Plaintiff intends to proceed directly with those claims found to be cognizable. Plaintiff should note that Local Rule 15-220 requires that an Amended Complaint be complete in itself without reference to prior pleadings.

In the event Plaintiff wishes to proceed on the cognizable claims, the Court will issue

Findings and Recommendations to dismiss those claims not cognizable. The Court will then forward Plaintiff a summons and USM-285 form to fill out and return to the Court in order to effect service on the Defendants. Upon the return of these forms, the Court will direct the US Marshal to initiate service of process on Defendants.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights complaint form;

2. The Complaint is DISMISSED with leave to amend. Within THIRTY (30) days from the date of service of this order, Plaintiff SHALL either:

   a. File an Amended Complaint curing the deficiencies identified by the Court in this Order, or

   b. Notify the Court in writing that he does not wish to file an Amended Complaint and instead wishes to proceed on the cognizable claims for relief set forth in this Order.

Plaintiff is forewarned that his failure to comply with this Order may result in a Recommendation that the Complaint be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:   March 13, 2006                /s/ Lawrence J. O'Neill**
b9ed48                        UNITED STATES MAGISTRATE JUDGE